JUDGE HARDIN
delivered the opinion oe the court:
The evidence tending to establish the appellee’s claim for the services of his slave was, we think, sufficient to authorize the verdict of the jury; and, although the time at which the services were rendered seems to have been in 1864, instead of 1863, as stated in the petition, we do not regard this discrepancy as sufficient to have authorized the court to instruct the jury as in case of a non-suit, as asked by Gentry.
Nor does it appear to us that the court erred in refusing to permit the appellant to read as evidence to the jury the paper styled an order from Doolin to Gentry, dated July 29, 1864, without proof of its execution. Section *3 688 of the Civil Code provides, that “ where a Writing, purporting to have been executed by one of the parties, is referred to in, and, filed with, a pleading-, it may be read as genuine against such party unless he denies its genuineness, by affidavit, before the trial is begun.” But, although such a paper as that offered in evidence is referred to in Gentry’s answer, it is not made a part of the answer, nor with it, or otherwise filed, so as to allow the adverse party an opportunity to inspect it before the trial. Under such circumstances, we think, the court very properly refused to permit the paper to be read without proof of its execution.
But, although we perceive no error in the ruling of the court previous to the judgment, we are of opinion that the court erred in adjudging to Doolin his costs against Gentry. By the appeal from the judgment of the quarterly court, Gentry succeeded in reducing the recovery against him from $80 to $60, so that the result in the circuit court, being more favorable to him, by the sum of $20, than the decision of the quarterly court, he would have been entitled to recover his costs according to the Ytth section of chapter 25, of the Revised Statutes, embracing the general subject of costs. But by section 850 of the Civil Code, which we regard as constructively modifying the section of the Revised Statutes referred to, it is provided, that, “ unless the judgment on the appeal is more favorable to the appellant than the original judgment, he shall pay the costs of the appeal. Where he merely succeeds in reducing the amount of a judgment rendered against him, it shall be at the discretion of the court to allow him his costs or not.”
We do not construe the discretionary power thus conferred on the court as extending further than to authorize the court to adjudge to, or withhold from, the appellant, *4 as in this case, his own costs — not, in such a case, to authorize the court to give judgment against him for the costs of the other party.
While, therefore, we approve and affirm the judgment for the sum' assessed by the jury, we are constrained to reverse the judgment for costs.
Wherefore, so much of the judgment of the circuit court as adjudges to the appellee his costs against the appellant, is reversed, and the cause is remanded, with directions to set aside said judgment for costs, and for further proceedings consistent with this opinion.