CASE 19—PETITION ORDINARY—DECEMBER 14.

# Wynn vs. Poynter.

### APPEAL FROM CLARK CIRCUIT COURT.

1. The sale of a note implies a guarantee of its genuineness as to all apparent parties to it; but the holder is under an implied obligation to try, by due diligence, the liability as well as the solvency of the ostensible obligors, so as to hold the assignor liable, either as guarantor or vendor.

2. That there was no special guarantee dispensing with suit on the assigned note, and that there was not legal diligence in the prosecution of the suit by the assignee or vendee as brought, are both deductions of law from the facts, and therefore there was no available error in the peremptory instruction to find for the defendant.

3. If, in a suit on an assigned note, the defendant pleads *non est factum*, and thereupon the plaintiff dismisses his action, he will not, for this reason, be entitled to recover against his assignor on his implied warranty of genuineness. The plaintiff ought to have tested the genuineness of the note by a verdict of a jury and judgment of the court.

SIMPSON,                         For Appellant,

CITED—

1 *Dana*, 612 ; 2 *Dana*, 168.

2 *Marshall*, 219 ; *Scott vs. Scott.*

4 *B. Mon.*, 202 ; *Chancellor vs. Wiggins.*

*Myers' Supplement*, 741 ; *Act of January* 24, 1866.

C. EGINTON,                       For Appellee.

JOHN B. HUSTON,                   On same side,

CITED—

1 *Mon.*, 104–5 ; *Trimble vs. Well.*

3 *Mon.*, 63 ; *Digest, Assignor and Assignee.*

6 *Mon.*, 542; *Buller vs. Suddeth.*

*Myers' Sup.*, 741.

Wynn vs. Poynter.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This appeal seeks the reversal of a judgment against the appellant in an action on the guaranty of a note sold to him and indorsed with the name of the appellee as vendor. There is nothing in the record to authorize the presumption that the indorsement of the appellee's name on the note was intended to import more than an ordinary assignment; and this interpretation is fortified by the fact that the first petition sought a judgment against him as mere assignor or vendor, by the fact that his name was erased before the institution of the suit on the note, and by the fact that the appellant did not assert the appellee's liability as special guarantor of payment without suit against the obligors in the note until after he had ascertained, in the progress of this action, that laches had exonerated the appellee as simple indorser.

The sale of the note implied a guarantee of its genuineness as to all apparent parties to it; but the holder was under an implied obligation to try, by due diligence, the liability as well as the solvency of the ostensible obligors; and this has certainly never been done, so as to hold the appellee liable either as guarantor or vendor; that there was no special guarantee dispensing with suit on the note, and that there was not legal diligence in the prosecution of the suit as brought, are both deductions of law from the facts; and therefore there was no available error in the peremptory instruction to find for the appellee.

Wherefore, the judgment is affirmed.

To a petition filed by appellant's attorney for a rehearing—

JUDGE ROBERTSON DELIVERD THE FOLLOWING RESPONSE AND SUPPLEMENTAL OPINION OF THE COURT:

The appellant's counsel, not satisfied with the foregoing opinion, has petitioned for a rehearing, principally on the ground that the apparent surety on the note never signed nor was bound by it, and that the implied guaranty that he was bound gave the appellant an immediate cause of action, without any preliminary proceeding for testing the genuineness of the note as to the ostensible parties to it. To this assumption alone we will briefly respond.

1. The able counsel seems to have forgotten that there is no proof that the apparent surety did not sign the bond, or is for that, or any other reason, not bound by it. The only semblance of proof in the record on that question is the voluntary dismission of an action on the bond, only because a plea of *non est factum* was filed more than a year after the assignment or sale; but this shows that there was no trial on the plea, and that its truth has never been established otherwise than by the election of the appellant to treat it as true; and his own sole act certainly does not establish the truth of the plea, and consequently the plea, without trial, is no evidence of a breach of the guaranty of genuineness.

2. But not only is the proof of the suretie's alleged non-liability indispensable to the maintenance of this action, but it is equally indispensable that it should have been so adjudged on a plea of *non est factum* in an action which ought to have been brought on the note long before the abandoned action was instituted. As said in the opinion, we repeat, that, to recover on the implied guaranty of genuineness, as well as to recover on the implied guaranty of solvency, both implications being simultaneous, joint, and alike, an action on the bond mus

have been prosecuted with the same legal diligence on each guaranty; and surely, in each case alike, the genuineness or solvency must be judicially determined on a proper issue and regular trial; and, as the petition urges supposed analogies, we respond that it does seem to us that analogy clearly indicates that ungenuineness, as much as insolvency, must be ascertained by a direct suit on the bond, and not otherwise, as a merely collateral or incidental question. The cited analogy of a suit on a general warranty of title is only apposite to sustain this conclusion, and defeat the opposite, for which the petition uses it. To recover for a breach of such a warranty, eviction under a judgment in a previous action must be proved. Why does not the same principle apply to the implied warranty in this case? Seeing no reason why it does not, we must say that it does.

Besides, the allegation that the apparent surety did not bind himself, could be sufficiently established only on a plea of *non est factum*, verified by the pleader's own responsible oath. The vendor of the bond is entitled to this before his guaranty can be enforced, and it cannot be done, and was not attempted in this action, on the implied guaranty.

Had the proper suit been brought in proper time on the bond, we may presume, from the record, that the debt might have been made out of the principal, who has since become insolvent, and perhaps out of the surety, who might then not have resisted a joint judgment.

Therefore, the reason for requiring insolvency to be ascertained, in an action on the bond, before a suit could be maintained on the implied guaranty of solvency, applies with full force to this action, on the implied guaranty of genuineness.

We therefore adhere to the opinion, and overrule the petition for a rehearing.