JUDGE PRYOR
delivered the opinion oe the court.
The appellant Hurst being the holder and payee of a note executed to him by Moses Spencer, Nicholas Spencer, Joseph Spencer, John D. Spencer, John W. Spencer, and John R. Chambers, for a valuable consideration sold and assigned it on the 25th of March, 1867, to the appellee Elisha Chambers, the note having matured on the 7th of August, 1866. On the 14th of April, 1869, the appellee Chambers instituted an action upon it in tlio Wolfe Circuit Court, and obtained a judgment against all the obligors except John D. Spencer, Nicholas Spencer, and John R. Chambers. The two Spencers, John and Nicholas, obtained a verdict in their favor upon a plea of non est faobum, and John R. Chambers, who was a surety only, was released from liability by reason of the failure of the assignee to sue after notice had been given him by the surety as authorized by statute; or rather the appellee waived a written notice, and agreed to sue at the first term succeeding the verbal notice. This he failed to do, and the court below instructed the jury in effect to find for the surety.
After three obligors had been released from all liability on the note, and a return of “ no property ” found on executions issued on the judgment rendered against the others, the assignee Chambers instituted this action against Hurst, alleging the above facts; that he had prosecuted the action with proper diligence and could have made the debt out of the obligors who had been released, they having ample estate with which to satisfy it subject to execution. He further alleges that the appellant practiced a fraud upon him by selling him a note not genuine, and therefore asks for a judgment for the amount paid by him for the note, as well as all the costs, ordinary and extraordinary, expended by him in the prosecution of the action on the note.
The petition is rather a singular pleading. The diligence used in the effort to collect the note is not such as would *157 authorize a recovery by the assignee against the assignor by reason of the insolvency of the obligors, as the assignment was made on the 25th of March, 1867, and no action instituted until the 14th of April, 1869. There is no allegation that the appellant knew that the note was not genuine at or before the making of the assignment, or that he had notice of the pendency of the action by the appellee and the defense made by the obligors, or that the writing was not in fact the act and deed of the parties who had pleaded non est factum. The mind of the pleader seems not to have been directed to the general doctrine with reference to such transfers, by which the vendor or assignor of a chose in action for value impliedly warrants that it is a valid instrument. The statements of the petition do not present a cause of action; but as the appellant by his answer denies all fraud, and alleges that the note is a genuine note and was signed by the parties or some one authorized to sign it for them, upon the issue thus made it may be proper, as the court below has done (to which the law and facts were submitted), to pass upon the merits of the controversy.
The evidence conduces to show that all the parties to the note were insolvent except the appellant John Chambers, and that he either signed the names of the parties who were released upon the plea of non est factum, or was present when it was done. The appellee held the note from March, 1867, until April, 1869, and then instituted an action upon it that was pending until November, 1872. Nearly six years had elapsed from the date of the assignment until the judgment was rendered. No notice is alleged or seems to have been given the appellee of the pendency of the action, and the proof establishes the fact that both the appellant and John Chambers, the surety, notified the appellee to bring the action long prior to the time at which it was instituted. There is no fraud shown upon the part of the appellant, and the only *158 ground for recovery in the case rests upon the implied undertaking by the appellant in making the indorsement that the note was genuine, and the measure of recovery is the damages the appellee sustained by reason of the breach of this implied warranty, unless by his own act he has lost this right.
The appellant' when he assigned the note undertook and agreed with the assignee that the latter could enforce it against the parties whose names were signed to it, or at least that a legal obligation existed upon the part of the obligors to pay it; and upon a failure to make the money out of the obligors, by reason of some legal defense existing at the time of the assignment, the assignee is not, only entitled to recover the amount paid for the note, with its interest, but all the costs and expenses incurred in the prosecution of the action to enforce its collection. If the assignment had been fraudulent and with a knowledge of the want of validity in the paper, the assignee might, without suing the obligors, have recovered the money back that he had advanced for it; but in this case there is no pretense of fraud, nor can the case be considered on its merits without regarding it as an action upon the warranty.
Upon the facts of this case as now presented the appellee was not entitled to recover. The surety John Chambers was the only solvent obligor in the note at the time it was assigned. He had notified the appellee that he was only a surety in the obligation, and the latter should have instituted his action as was required that he should do by the surety. This he declined to do; and when he finally brings the action this surety, relying upon this notice to appellee to sue, is released from all liability.
Whether the answer of the surety in that action constituted a valid defense or not, can not now be made the subject of inquiry. That record and the proof shows that this surety, the only solvent obligor to the instrument, was released from *159 its payment by tbe laches of the appellee. The surety in his answer to that action did not controvert his liability originally on the note, his only defense being that he had notified the appellee to sue, and by reason of his failure to do so there no longer remained any obligation on him to pay, and the court adjudged his defense insufficient. The proof leaves no doubt but that John Chambers ivas perfectly solvent when the note was assigned, and has been ever since, this being one of the grounds of defense; and the assignee (the appellee) having released him by his own act, can not now recover on his warranty. So in this view of the case, so far as it affects the liability of the appellant, it is immaterial whether he had notice of the pendency of the action or not. The fact that the appellee has voluntarily surrendered his right of recovery against an obligor perfectly solvent, and who never questioned his liability, is of itself sufficient to defeat the action. (Delaware Bank v. Jarvis, 20 New York, p. 229; Coolidge v. Bingham, 5 Met., Mass., 68.)
The judgment is reversed and cause remanded, with directions to award the appellant a new trial, and for further proceedings consistent with this opinion.