CASE 25—PETITION  ORDINARY—November  17.

# Ware v. McCormack.

### APPEAL FROM SHELBY CIRCUIT COURT.

1. ASSIGNMENT OF FORGED NOTE WITHOUT RECOURSE—LIABILITY OF
   ASSIGNOR.—The assignment of a note without recourse, means only
   that the assignor is not to be responsible by reason of the insolvency
   of the obligors, there being, notwithstanding the form of the assign-
   ment, an implied warranty that the paper is genuine, which is broken
   if the signatures to the note are forgeries. And, in order to hold the
   assignor liable upon this implied warranty, the assignee is not required
   to test the genuineness of the signatures by suit.   Wynn v. Poynter,
   3 Bush, 54, overruled.

   In this case as the name of the only solvent obligor to the assigned
   note was a forgery, the assignor is liable to the assignee for the amount
   paid for the note, although the assignment was without recourse and
   no diligence was used in bringing suit on the note.

2. RES JUDICATA.—Where the court improperly required the plaintiff to
   elect which of two causes of action he would prosecute, and upon an
   election thus made the court dismissed one paragraph of the petition,
   a judgment in favor of plaintiff upon the other paragraph having,
   upon appeal by defendant, been reversed, the plaintiff had the right,
   upon the return of the case, to file an amended petition setting up the
   cause of action embraced in the paragraph of the petition which had
   been improperly dismissed, although he had not upon appeal ques-
   tioned the correctness of that ruling, it not being within his power to
   do so as he had no right of cross-appeal, having recovered by the
   judgment appealed from all that he asked.

3. FAILURE TO VERIFY PLEADING —The action of the lower court in
   refusing to permit an amended petition to be filed, can not be sustained
   upon the ground that the pleading was not verified, the specific ob-
   jection being made in this court for the first time.

G. G. GILBERT FOR APPELLANT.

1. It was error in the court to order appellant to refund and pay into
   court money collected on a judgment before the mandate from the
   Superior Court reversing the judgment was filed   (Civil Code, sec.
   761; Watson v. Avery, 3 Bush, 635; Piel v. Short Route R'y. Co.,
   11 Ky. Law Rep,, 563.)

   Any error is reversible unless it is satisfactorily shown not to be
   prejudicial. (10 Ky. Law Rep., 399.)

2  The appellant having been upon the first trial of the case forced to
elect upon which paragraph of her petition she would proceed, and,
after election, the second paragraph having been dismissed, there was
no adjudication of the cause of action set up therein, and the court
erred in refusing to allow appellant to file her amended petition, em-
bracing that paragraph, upon the return of the case for second trial.
(Jones' Assignee v. Johnson, &c., 10 Bush, 649; Dragoo v. Levi, 2
Duvall, 520; Jarman v. Daniel, 1 J. J. Mar., 199; Freeman on Judg-
ments, secs. 257 and 258; Same, sec. 272; Smith v. Whitney, 11
Mass , 445; 2 Smith's Leading Cases, 669; Hungerford's Appeal, 41
Conn., 322; Dickerson v. Hays, 31 Conn., 423; Birch, &c., v. Funk,
&c,, 2 Met , 547; Kendall v. Talbott, 1 Mar., 321; Thomas, &c., v.
Hite, 5 B. M., 594; Givens v. Peak, 1 Dana, 225; Harris v. Tiffany,
8 B. M , 226; Jones' Adm'r v. Commercial Bank, &c., 78 Ky., 423;
Pepper v. Donnelly, 87 Ky., 260; Freeman on Judgments, secs. 15,
17, 325, 261, and cases cited.)

The opinion of Superior Court on first appeal announces the right
to recover on grounds set up in second paragraph of the petition,
and in the amended petition. That opinion is the law of this case.
(Lex. Ice Co v. Furman, 13 Ky. Law Rep , 270; Thomas v. Bland,
12 Ky. Law Rep , 640,)

3. There being a total failure of consideration, the rule of diligence does
not apply. (Stratton v. McMakin, 84 Ky., 641; Williams v. Mar-
tin, 2 Duvall, 492; Robinson v. Bright, 3 Met., 30; 1 Parsons on
Contracts, 462.)

4. A common law case having been reversed for a new trial, it is error to
render judgment without granting a new trial. (Cox's Adm'r v. L.
& N. R. Co., 11 Ky. Law Rep., 167.)

5. It was unnecessary to verify the amended petition. (Civil Code, sec.
139; Same, exceptions to sec. 116.)

PRYOR J. FOREE and W. H. ANDERSON for appellee.

1. The amended petition not being verified, it was not error in the court
to refuse to allow it to be filed. (Civil Code, sec. 116.)

2. As the question whether the court was right in compelling appellant
to elect what grounds she would proceed upon was not considered on
the former appeal, it cannot now be complained of, but must be taken
as adjudicated    The amended petition was properly refused. (Mason
&c., v. Mason, &c., 5 Bush, 187.)

3. The second paragraph of the petition being inconsistent with the first,
the order of election was proper.

4. The holder of assigned paper must test with diligence the *genuineness*
of the paper and the solvency of those who did sign it. (Francis v.
Gant, 80 Ky., 191; Wynn v. Poynter, 3 Bush, 54; Clark v. Wilker-
son, 4 Ky. Law Rep., 630.)

5. The appellant was not prejudiced by being required to refund the money collected on the judgment before the mandate of the Superior Court was filed.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In the month of January, 1888, the appellee Mc-Cormack, held a note payable to himself on H. Clay Figg and E. M. Figg for six hundred dollars, dated March 1, 1886, and due in twelve months. He sold this note to his niece, the appellant, for six hundred and forty-two dollars and sixty-five cents, for which she gave him her check, and he assigned the note to her *without recourse*. She held the note until March, 1890, when she instituted her action upon it against both the obligors. H. Clay Figg was insolvent when the note was executed, and known to be by all the parties to the transaction. He left the State, and was a non-resident when the action on the note was insti-tuted. The solvent obligor, E. M. Figg, when served with process, appeared and pleaded *non est factum*, and upon that issue it was held by the judgment of the court that he had never executed the paper. At the time the appellee sold the note to the appellant she believed the note was genuine, and had no reason to think otherwise until the defense was made.

After judgment against her and in favor of the sol-vent obligor, she instituted the present action against her assignor, McCormack, alleging that the signature of E. M. Figg to the note was a forgery, and in the action against him on that paper he made that de-fense and defeated the recovery, and sought to recover upon an express warranty by the assignor as to its validity, or the implied warranty that it contained

the genuine signature of the obligors. There was
also a second paragraph seeking a recovery back of
the money paid for the want of consideration.

On the trial of this action a judgment was rendered
against the assignor, McCormack, from which he ap-
pealed to the Superior Court, and the judgment of
the court below was reversed, on the ground that as
assignee she had failed to prosecute the action against
the obligors with that diligence required by the law,
the Superior Court basing its decision on the case of
Wynn v. Poynter, 3 Bush, 54.

When the case was first tried in the court below
the plaintiff was required, over the objection of her
counsel, to elect whether she would proceed on the
first or second count of the petition, and, electing to
try on the first count, recovered the judgment that
was reversed. In the reversal of that judgment it
was, in effect, held by the Superior Court that, on the
return of the case, the plaintiff should be allowed to
amend, and could recover upon the ground of a want
of consideration for the money had and received by
the defendant. On the return of the case the court
below refused the offer to file such an amendment,
and a judgment was entered for the defendant, and
from that judgment the plaintiff appeals. It is now
insisted that the effect of the first judgment was to
determine the second count of the petition contained
no cause of action, and, being *res adjudicata*, the
plaintiff could file no such amendment. The plaint-
iff had been compelled to elect to proceed on the
first paragraph of the petition, and the dismissal of
the second paragraph was, in its effect, a dismissal

without prejudice. It was not involved in the issue tried by the Superior Court, nor could the question have been raised by a cross-appeal, because the plaintiff had obtained by the judgment reversed all that she had asked for, and so, when the case returned to the lower court the case stood, with the right on the part of that court to permit the second count to be reinstated, or an amended pleading setting forth a cause of action arising by reason of the payment of this money without consideration. In fact, there was no reason for requiring an election, and the plaintiff was entitled to recover on either ground.

Every transferrer of a note or bill transferable by delivery, warrants that it is not fictitious, forged or al ered. (4 Lawson's Rights, Remedies, &c., sec. 1393; 2 Parsons on Notes and Bills, 589.) When a note is assigned without recourse, it means only that the assignee is not to be responsible by reason of the insolvency of the obligors, but there is an implied warranty that the paper is genuine, that is broken in the event the signatures to the note are forgeries. An assignment of a note for value is a guaranty of the solvency of the obligors at the time of the assignment, and the assignor binds himself to make the note good in the event the assignee used the proper diligence by suit to test the solvency of the payors, but this diligence is not required in order to test the genuineness of the signature, for if the obligee parts with the note by mere delivery for value and without any assignment, he becomes liable to return the consideration in the event the paper he sells is a forgery. His liability in this regard does not depend upon the

assignment, but arises from the sale and delivery of the paper, the law implying that the note is what it purports to be, the genuine signatures of the parties to it.

The rule is well stated in Emerson v. Claywell, 14 B. M., 19 : "If an absolute and unconditional assignment be made of a bond, either for money or land, the assignor, where there is no express stipulation to that effect, undertakes by implication that he is the absolute and unconditional owner of the bond, and has an indefeasible right to demand what the bond calls for, and if he has no such right, there is a breach of the implied undertaking the moment the bond is assigned."

Here the assignee, by the contract of assignment, had agreed to risk the solvency of the obligors, and there was no necessity for any suit to test their ability to pay and certainly none to test the genuineness of the signatures. The note was made payable to the assignor. He is presumed to know whether the signatures were or not forgeries, and it was not necessary for the assignee to bring an action that the assignor might be informed as to the validity of the obligation. She has paid full value for a note that was worthless ; that was not in fact or in law the note of the solvent obligor, and if even required to institute legal proceedings that the issue of *non est factum* might be determined, it then appears that, by a proper legal proceeding not questioned by the appellee, it was adjudged that the name of E. M. Figg was a forgery.

What is the legal as well as rational meaning of the language, *without recourse*, used in the assignment

of a note? In making the sale and transfer of this note, did the mind of either party conceive the necessity of testing by action the validity of any signature to the paper? Did the law impose such an undertaking on the part of the appellant when she made the purchase and when accepting the assignment by which she risked the solvency of the parties to it, impose the duty of requiring an action on the paper at the first term of the court after the assignment in order to have determined by a judicial tribunal whether or not the signatures of this note executed to her assignor were or not genuine? We think not. H. C. Figg was insolvent at the time and so continued. The appellee has lost nothing, but has received from the plaintiff the amount of the note and interest exceeding six hundred dollars, without any consideration whatever.

The doctrine of the case of Wynn v. Poynter, reported in 3 Bush, 54, is overruled, and the judgment below reversed with directions to permit the amended pleading to be filed, and for proceedings consistent with this opinion.

————

To a petition for rehearing filed by counsel for appellee Judge PRYOR delivered the following response of the court:

The only question in this case necessary to be considered is, is the holder of a note *assigned without recourse* required to bring a suit at the first term of the court after the assignment in order to hold the assignor bound for the genuineness of the signature? We think the question is too plain for argument, and

that the assignee may sue at any time within five years on the implied warranty of genuineness that arises not from the assignment, but from the sale and delivery of the note.    In the case of Wynn v. Poynter there was no trial on the plea of *non est factum*, or proof that the note was a forgery, as the able judge in his response to the petition for a rehearing states; and while that case is correctly decided on the facts, the objection to the principle announced in that case is, the court held "the action must be prosecuted with the same legal diligence to ascertain the genuineness of the paper required by the assignee to test the solvency of the obligor," before you can make the assignor responsible.    This we hold not to be the law, and that, as in case of the sale of a chattel passing by delivery or by written transfer, whenever there is no title in the vendor, or a breach of the implied warranty, the vendee may sue at once to recover damages, and the measure of recovery usual in such cases, when there is a total failure of consideration, is a recovery of the money back, with the interest, and, if a partial loss by reason of the breach, then a recovery to that extent. The appellee in this case had agreed, by accepting the assignment *without recourse*, to risk the solvency of the parties to the note, and as the facts alleged show, because there was no doubt as to the solvency of the appellant, all the parties knowing the insolvency of his co-obligor.    Now this note was made payable to the appellant, and he is required to know when he sells the note whether or not the paper is genuine, and it would be absurd to say that it was

the duty of the holder to sue that he might ascertain the genuineness of the signature.

If there had been an assignment in the ordinary form, there might be some reason for holding the assignee bound to sue at the first term, as it is admitted that one of the obligors signed the paper; but if he had not sued, and it appeared that he had relied on the solvency of one whose signature was a forgery, and that the other was insolvent and had been from the date of the assignment, still he could recover, because it would have been fraud in fact as well as in law to sell a forged note, the liability arising from the sale and delivery of the paper, and having been executed to him, it must be conclusively presumed in an action against him to recover back the money, that he knew the paper (if a forgery) was not genuine.

It is argued the Superior Court has decided that the case of Wynn v. Poynter settles the question, and, therefore, the case is *res adjudicata*, when that court expressly authorized the filing of an amended petition, construing the first action as being on the implied warranty of assignment, when there was no such warranty, except such as arises from the fraud of the party selling the paper and the want of consideration. If, therefore, the opinion of that court is *res adjudicata* as to the one question, it must be so as to all others, and authorizing the amended pleading and sustaining it when it was offered, we have clearly before us what that court did decide. The amended petition should have been filed, and the specific objection made here that the petition or the amendment was not sworn to will not avail.

Petition overruled.