Opinion op the Court by
Chief Justice Hobson—
Affirming.
R. S. Turner, etc., brought this suit against Bishop Boggs in the Harlan Quarterly Court, charging in their petition that he entered into a contract with them by which he agreed to pay them 15 cents a log for each saw log that they delivered out of the left hand fork of the Big Laurel Creek; that they delivered the logs and that at the contract price there was a balance due them of ! $161.25. He filed an answer in which he controverted the allegations of the petition and pleaded a counterclaim of $175. The case-was tried in the quarterly court and resulted in a judgment in favor of the plaintiffs for the amount claimed. An appeal was taken to the circuit court by Boggs. In that court the plaintiffs amended their petition alleging that they had delivered 3531 logs which at the contract price came to $529.61; that he had paid them $300.80, leaving a balance due them of $228.85. The case was tried in the circuit court resulting in a judgment in favor of the plaintiffs for $112.62. Boggs appeals.
Four grounds of reversal are relied on:
I. As the judgment was reduced in the circuit court, it is insisted that the court erred in taxing the defendant with the plaintiff’s cost in that court. Section 727 of the Code of Practice regulating such appeals provides:
“Unless the judgment on the' appeal be more favorable to the appellant than the original judgment, he shall pay the costs of the appeal. If he merely succeeds in reducing the amount of a judgment rendered against him, it shall be at the discretion of the court to allow him costs or not. ’ ’
Boggs merely succeeded in reducing the amount'of the judgment rendered against him from $161.0.5 to $112.62. In Gentry v. Doolin, 1 Bush, 1, Doolin recovered a judgment against Gentry in the quarterly *837 court for $80. Gentry appealed to the circuit court where the judgment was reduced to $60 and the circuit court entered a judgment adjudging to Doolin his costs against Gentry. This court reversing the judgment said:
“We do not construe the discretionary power thus conferred (See 727, supra) on the court as extending further than to authorize the court to adjudge tó, or withhold from, the appellant, as in this case, Ms own costs — not, in such a case, to authorize the court to give judgment against him for the costs of the other party. While, therefore, we approve and affirm the judgment for the sum assessed by the jury, we are constrained to reverse the judgment for costs.”
When that case was decided the provision of the Code was the same as it is now. But section 17, chapter 25 of the Revised Statutes, on which the ruling was really rested, was as follows:
“When an appeal or writ of error or traverse shall be prosecuted in the circuit court to a judgment of the county court or a justice of the peace, or in the county court from the judgment of a justice of the peace, and the defendant, before the appeal or traverse is taken, shall tender to the plaintiff the amount he is willing to pay, and the same shall be refused, and the amount recovered upon the appeal shall not exceed the amount tendered, the original plaintiff, if he is the appellant or plaintiff in error or traverser, shall not recover his costs, but shall pay the costs in the court trying the appeal or writ of error or traverse; but if the decision on such appeal, writ or error, or traverse is more favorable to the party prosecuting the same than the decision of the inferior tribunal, he shall recover his costs on the same if no such tender be made, or not enough shall be tendered.”
In the Kentucky Statutes, the last clause permitting a recovery of costs in the absence of a tender is omitted and the section is made to read as follows:
“If a party, before an appeal is taken, tenders to the adverse party the amount he is willing to pay, and the same shall be refused, and the amount recovered upon the appeal shall not exceed the amount tendered, the appellant shall not recover his costs, but shall pay the cost in the court trying the appeal; but if .the decision on such appeal is for more than the amount tendered he shall recover his costs.” (Kentucky Statutes, 890.)
*838 The purpose of the Legislature in omitting so much of the former act as allowed a recovery by the appellant of his costs where the judgment on the appeal was more favorable to him than the decision of the inferior tribunal, was intentional, and was designed to leave the matter of costs on an appeal to the circuit court, to the discretion of the court, where the amount of the judgment was reduced, and no tender had been made by appellant. The Code provision was not intended as the whole law on the subject but is to be read in connection with the statute on costs. That statute now provides that the party recovering in the action shall recover his costs. A party may by tender or by offer to confess judgment protect himself from cost in cases like this, and we see nothing in the statute to indicate that these cases should stand as a class, to themselves. It often happens that no defense is made in the Quarterly Court, and if on appeal the judgment is merely reduced, there is no reason why the plaintiff should not recover his costs. On all the facts here we do not think the circuit court abused a sound discretion in adjudging the plaintiffs their costs, as no tender had been made.
2. It is insisted that the court erred in allowing the plaintiffs to file the amended petition increasing the amount sued for. But this pleading was filed to conform the pleading to the proof, and we do not see that the court abused a sound discretion in allowing it filed, as it in no way changed the nature of the action but simply increased the number of logs alleged to have been delivered.
3. Bennett Lewis testified in chief and after all the other evidence for the defendant had been introduced and the amended petition had been filed, the defendant proposed to recall Bennett Lewis to the stand and prove by him that-the general character of the plaintiff, R. S'. Turner, was not good. No other evidence on the subject was offered and we can not say that the court abused a sound discretion in refusing, to allow the witness to be recalled for this purpose.
4. It is insisted that the evidence is not sufficient to support the verdict of the jury. While the evidence is conflicting, we cannot say that the verdict is palpably against the evidence.
Judgment affirmed.