## Beeler's Extx. v. Cumberland Telephone & Telegraph Company, et al.

(Decided October 29, 1912.)

### Appeal from Bullitt Circuit Court.

Evidence—Introduction of Paper—Proof of Execution.—A writing which is not referred to in and filed with a pleading is not admissible as evidence until its execution is proved. (See 125 Ky., 336, for a statement of facts.)

BEN CHAPEZE, BENNETT H. YOUNG and E. C. WAIDE for appellant.

HELM BRUCE, BRUCE & BULLITT and W. PRATT DALE for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is the second appeal of this case, and the opinion on the first appeal may be found in 125 Ky., 366. The facts are stated in that opinion, therefore, it is unnecessary to repeat them here. The action was instituted against both of the appellees in Bullitt County. The Cumberland Telephone & Telegraph Company's lines ran into and through that county and it maintained an agent there, but the Louisville Home Telephone Company had neither a line nor agent in that county. This court decided upon the former appeal, that a judgment against the Louisville Home Telephone Company could not be sustained unless there was some evidence indicating the liability of the Cumberland Telephone & Telegraph Company, the resident of Bullitt County, and then found that there was not the slightest testimony showing that company's liability for the accident to Beeler; therefore, the judgment was reversed.

The testimony was in substance the same on the last trial as on the first with this addition: Beeler's executrix showed by two witnesses, John R. Norris and Ed. Boyle, that some days before Beeler fell from the pole of the Cumberland Telephone & Telegraph Company and was killed, they saw a writing in the possession of J. B. Helm, foreman of the Cumberland Telephone Company's hands, which was on the letter head of the Cum-

J. B. Helm, foreman of the Home Telephone Com-stating in substance that the linemen of the Louisville Home Telephone Company were allowed to go up the Cumberland Telephone Company's poles to loosen or unite wires so as to permit the Louisville Home Tele-phone Company to raise its poles without interfering with the Cumberland Telephone Company, provided they called up the Cumberland Telephone Company and notified it before any one went up the poles. Norris stated that the paper was signed by the foreman he be-lieved, John Featherstone. Boyle stated that it was signed, but could not state by whom; but said that his best recollection was that it was signed by Metzker, who was an officer of the Cumberland Telephone Company in charge of the maintenance of its lines. Neither of these witnesses swore, however, that they saw the per-son whose name they said was on the paper, sign it. There was no testimony introduced to prove the execu-tion of the writing; nor did any one state that they recognized the signature of either Featherstone or Metzker. All the testimony with reference to the writ-ing was objected to at the time it was introduced. Sec-tion 128 of the Civil Code is as follows:

"1. In addition to writings which a party is re-quired by section 120 to file as the foundation of his ac-tion or defense, he may file, as an exhibit, with his plead-ing, or with leave of court at any time pending the ac-tion, any writing upon which he may intend to rely as evidence.

"2. In an equitable action, such exhibits shall constitute part of the record, unless it show that they were not used on the trial.

"3. In an ordinary action, such exhibits shall not constitute part of the record, unless it show that they were used on the trial."

Thus it will be seen that, if a party to an action de-sires to read a writing upon the trial of it, he may file it with his pleadings and read it as genuine without proving its execution, provided the other party does not, before trial, deny its genuineness by affidavit, as provided in section 527 of the Code, which is as follows:

"A writing purporting to have been made by a party, if referred to in, and filed with, a pleading of his adver-sary may be read as genuine against him, unless he deny its genuineness by affidavit before the trial is begun."

If a party proposes to read papers not filed as stated, the proof of their execution should be made by the party producing them, and they are not competent evidence before this is done. See the case of Gentry v. Doolin, 1 Bush, 2, in which Doolin sued Gentry for the services of his slave and Gentry in defense offered in evidence a paper styled an order from Doolin to Gentry dated July 29, 1864, without introducing proof of its execution, and the court said:

"*Section* 588 *of the Civil Code* provides, that 'where a writing, purporting to have been executed by one of the parties, *is referred to in, and filed with, a pleading,* it may be read as genuine against such party unless he denies its genuineness, by affidavit, before the trial begins.' But, although such a paper as that offered in evidence is referred to in Gentry's answer, it is not made a part of the answer, nor with it, or otherwise filed, so as to allow the adverse party an opportunity to inspect it before the trial. Under such circumstances, we think, the court very properly refused to permit the paper to be read without proof of its execution."

Under these authorities, it is clear the above testimony was not competent, as the sections of the Code were not complied with nor the execution of the paper proved. The parties might have secured this paper to be used as evidence by a subpoena duces tecum against Helm or the officers of the Cumberland Telephone Company who had charge of its records and papers.

There being no additional proof on the part of appellant showing the liability of the Cumberland Telephone Company for the death of Beeler, the lower court did not err in granting the motion for a peremptory instruction on behalf of appellee, as the law as stated in the former opinion is the law in this case.

For these reasons the judgment of the lower court is affirmed.