## Frashure v. Commonwealth.

(Decided June 8, 1917.)

### Appeal from Lawrence Circuit Court.

1. Criminal Law—Evidence—Writings.—A private writing is not admissible as evidence against one as its author, until its genuineness and authenticity have been first established.
2. Criminal Law—Evidence—Writings—Parol Evidence.—If a writing is in existence, upon proof of its genuineness and authenticity, it may be admitted as evidence, as it proves its own contents; if it is not in existence, the proof of its loss or destruction will render parol proof of its contents admissible, but not until proof of its genuineness and authenticity has been made.
3. Criminal Law—Evidence—Writings—Proof of Execution.—If the writing is an unattested one, its execution may be proven by one, who was present and saw it written or signed, or by the admissions of the person executing it; by proof of the handwriting; or by some other competent evidence of its execution by the person against whom it is offered as evidence.

CALHOUN D. WILHOIT, FRED M. VINSON and C. B. MORFORD for appellant.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Hurt—Reversing.

This is the second appeal of this case. The opinion of the court upon the former appeal may be found in

169 Ky. 620, wherein all of the facts of the case are stated, and reference is made to it, now, for the facts in detail. The appellant is accused of having murdered his niece by striking her upon the head with some character of sharp instrument, which rendered her insensible and from the state of insensibility she never recovered. The attack, which resulted in her death, took place upon a road near Olive Hill, and in the absence of any eyewitness. The appellant and his niece were traveling in a buggy, which did not have a top, from Fleming county to the home of his niece, in Carter county, and had traveled on that day, nearly, if not quite, a distance of fifty miles. The niece had been residing with her uncle, the appellant, in Fleming county, for about ten months, and at the request of her parents, conveyed by letter, the accused was taking her to her home. The niece was about seventeen years of age and a stout, healthy girl. The accused was a cripple and could not stand up or walk without a staff to support him. He claimed that suddenly, two men came from the side of the road and one of them seized his horse and demanded whiskey, when the girl said, "I know you." One of the assailing party struck the accused with a club and knocked him prostrate. Recovering, he seized his assailant and was thrown by him against a barbed wire fence, by which his hand was cut, and was then thrown upon the ground, where his assailant placed his knee upon his stomach and held him thus, while he robbed appellant of his money and a check. When appellant became free from his assailant, the buggy and horse were proceeding away from him along the road, and two men were in the buggy. About half after eight o'clock, on that evening, the horse, with the buggy attached, was found in the streets of Olive Hill. Appellant claims that he heard two blows, as if given by a heavy stick, which he thinks the girl received from one of their assailants, and he crawled along the road for thirty or forty yards and found her body in the road. He immediately set up a cry for help, and, in a short time, several people came to his assistance. His clothing was very muddy from contact with the ground and a large bruise or lump was upon the back of his head. In place of a wound from a club, several wounds, which went to the skull, were found upon the head of the girl, as if made by a sharp instrument, such as a hatchet. Upon examination after

death, the girl was found to be in a state of pregnancy. The theory of the Commonwealth is, that the appellant was the author of the girl's pregnant condition, and that he was, also, her murderer, and that the motive for the murder was to shield himself from the consequences of his crime in debauching her. The case is a most extraordinary one, and the appellant is either an innocent and much ill used man, or else he is a great criminal and deserving of the most condign punishment. The evidence of his guilt is very much assisted by the establishment of a motive for the murder upon his part, and any evidence tending to prove such motive is most material. On the trial, which resulted in the judgment from which the former appeal was taken, Dr. Walker Stumbo, who resided in Floyd county, about seventy-five miles from the home of appellant, and who was a distant cousin and a boyhood companion of the appellant, was permitted, over the appellant's objection, to testify that a letter came to him signed by the name of a Mr. Frashure, and that his wife opened the letter and read it to him and then destroyed it; that the letter requested him to send him a remedy for a woman friend, whose menses had not occurred for two months and one-half, and proffered to pay him for the services. This letter was received about May 1st, and the homicide occurred shortly thereafter, on May 26th. In the former opinion, it was said with reference to the introduction of the proof of the contents of the letter:

"Unless the contents of this supposed letter found its way to the jury through the protecting channels of the law for the introduction of testimony, it was highly prejudicial to permit the witness to testify concerning it. That this was not done is plainly manifest. All rules permitting the introduction of writings for the purpose of charging one with admissions therein made, or for other purposes, require that the genuineness of the writing must first be established or there must be sufficient evidence of it to justify a jury in finding it to be so. . . . The testimony then of this witness lacked two vital essentials of measuring up to the legal testimony, they being, that the letter was not properly authenticated, and the contents of it were given to the jury second hand, or by a witness who had heard another say what was contained in it."

"Considering the nature and probable effect of this testimony, it is perfectly clear to us that the court erred to the great prejudice of the appellant in permitting it to be introduced in the manner it was."

Following the reversal of that judgment another trial has been had, which resulted in a conviction, and the motion for a new trial having been overruled, the appellant has again appealed. The grounds for reversal now relied upon are:

(1.) The court failed to instruct the jury as to the entire law of the case.

(2.) The court erred to the prejudice of appellant's substantial rights by admitting incompetent evidence against him, over his objection.

(a) It is insisted that the court failed to instruct the jury upon the whole law bearing upon the case, because, as there was no eye witness to the homicide, and all the evidences of appellant's guilt were circumstantial, that the jury should have been instructed upon the law applicable to manslaughter and self-defense, in order to meet any state of fact the jury might find from the evidence to have existed. In support of this contention the rule as declared in the cases of Farris v. Commonwealth, 14 Bush 362; Bush v. Commonwealth, 78 Ky. 268, Greer v. Commonwealth, 111 Ky. 93; Messer v. Commonwealth, 76 S. W. 331; Ratchford v. Commonwealth, 16 R. 411; Bert v. Commonwealth, 116 Ky. 927; Frasure v. Commonwealth, 114 S. W. 268; Bast v. Commonwealth, 124 Ky. 747; Rutherford v. Commonwealth, 13 Bush 608; and other cases in this court, is invoked. The instructions submitted to the jury the guilt or innocence of appellant of the crime of murder, and the ordinary instruction, as to reasonable doubt of the appellant having been proven to be guilty, was given. The contention, that the law applicable to self-defense and manslaughter should have, also, been given was fully considered and disposed of by the court adversely to that contention, on the former appeal. The appellant removed the necessity for the application of the rule contended for by testifying as a witness in his own behalf.

(b) Upon the last trial the Commonwealth introduced evidence as to the letter, which was said to have been received by Dr. Walker Stumbo, and over the objection of appellant, the court again permitted its contents to be proven. The wife of Dr. Walker Stumbo was

introduced and stated that about the first of May, preceding the homicide, that her husband received a letter, which, according to her best recollection, was signed by the name of R. S. Frashure. She did not remember the date of the letter and did not state the post office at which it was mailed, if it was mailed at any post office. She opened and read the letter and then at once destroyed it. Its contents were as follows:

"Dr. Walker Stumbo.

"Dear Friend:—Will you please send me some medicine for a friend, who has missed a month and one-half or two months (maybe it was two and one-half months). Send me some medicine for a friend, who has missed for some time, and send me statement and I will send you the amount of the bill." And at the close of the letter he insisted that he send the medicine."

Dr. Walker Stumbo testified that the letter, when received by him, was in a coal office, where his mail had been placed by some person and from there he received it, and that his wife broke it open, read it to him and destroyed it; that he did not see anything of it, except the back of it, and that he thinks that it was from some Frashure. The court sustained an objection to the statement, that he thought it was from some Frashure. This was the same letter, on account of the contents of which, the judgment was reversed upon the former appeal, the former opinion holding, that under the circumstances of this case its improper admission was most prejudicial. The general rule, which governs the admissibility of a private writing as evidence, is, that it is not admissible, until its valid execution or its genuineness and authenticity have been first established. Burgen v. Commonwealth, 8 R. 613; Gentry v. Doolin, 1 Bush 1; McClain v. Esham, 17 B. M. 146; Lane v. Commonwealth, 134 Ky. 519. If the writing is in existence, it must be produced, and upon proof of its execution and its genuineness and authenticity, it may be admitted; if it is not in existence, the proof of its loss or destruction, will render admissible parol proof of its contents, but not until proof of its genuineness and authenticity has been made. If the writing is an unattested one, its execution may be proven by one who was present and saw it written or signed, or by admissions of the person executing it; by proof of the handwriting, or by some other competent evi-

dence of its execution by the person against whom the writing is offered as evidence. 17 Cyc. 442, 536; Elliott on Evidence, vol. 2, section 1458; Lane v. Commonwealth, 134 Ky. 519; Helton v. Asher, 103 Ky. 730; Beeler's Extrs. v. Cumberland T. & T. Co., 150 Ky. 257; Wharton on Criminal Evidence, vol. 2, pages 1136, 1137. The evidence does not contain the slightest proof that the appellant wrote the letter or authorized its writing; neither is there anything in the evidence, which could authorize a jury to find that the appellant was the author of the letter or authorized its writing by another. The mere fact that the name of appellant was subscribed to the letter was not proof of the writing of it by him, in the absence of any evidence, which could connect him with its authorship, and the court should have sustained the objection of appellant to any proof of the contents of the letter.

(c) Complaint is made of the court overruling the objection of appellant to questions propounded to the witness, John Rice, for the purpose of contradicting the witness, Olmstead, for the reason that the questions asked Rice did not relate to the time and place and the matters about which Olmstead had been asked, for the purpose of contradiction. For this error alone, a reversal would not be had, under the circumstances of this case, and it will probably not occur again, but for the admission of the contents of the letter testified to by Mrs. Walker Stumbo, directly contrary to the former opinion of this court, the judgment must be reversed and the cause remanded for proceedings in conformity to this opinion.