# Federal Fidelity Company v. Royal Mortgage & Finance Company.

(Decided Feb. 9, 1934.)

JOHN P. HASWELL for appellant.
JOSEPH J. KAPLAN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Appellant has moved that it be granted an appeal

from a judgment for $225 with interest from April 18. 1932.

A paper purporting to be a note to the Federal Fidelity Company for $300 payable in monthly installments of $25 each, and purporting to be signed by W. Malcolm Cox, Chas. W. Hoodenpyl et al., was assigned by the Federal Fidelity Company, without recourse, to the Royal Mortgage & Finance Company, to which Cox paid the $25 due in February, in March, and in April, but failed to make further payments. The Royal Mortgage & Finance Company sued Cox, Hoodenpyl, et al. upon the note. Later it dismissed its action against Hoodenpyl and by an amended petition made the Federal Fidelity Company a party defendant and alleged that by its transfer of this note, even though without recourse, the Federal Fidelity Company had warranted this to be in all respects what it purports to be, that is, the genuine note of W. Malcolm Cox, Chas. W. Hoodenpyl, et al., and to have been signed by them, and it alleged the supposed signature of Hoodenpyl was a forgery, it supported its allegation by filing the affidavit of Hoodenpyl, and it asked judgment against the Federal Fidelity Company for the $225 with interest it had been unable to collect on the note.

The Federal Fidelity Company joined issue upon the question of forgery and its liability under its qualified indorsement. The Royal Mortgage & Finance Company introduced evidence to show its purchase of the note from the Federal Fidelity Company, and that Hoodenpyl's supposed signature was a forgery. The Federal Fidelity Company introduced no evidence to question either, except it introduced the plaintiff's original petition and the note filed with it as an exhibit. The court directed a verdict against it.

### The Transfer Without Recourse.

When a note is transferred even "without recourse," the transferor makes all the warranties set out in section 3720b-65, Ky. Stats. He warrants the signatures thereto are genuine. See Ware v. McCormack, 96 Ky. 139, 28 S. W. 157, 959, 16 Ky. Law Rep. 385; Hurst v. Chambers, 75 Ky. (12 Bush) 155; Farmers' National Bank of Augusta v. Farmers' & Traders' Bank of Maysville, 159 Ky. 141, 166 S. W. 986, L. R. A. 1915A, 77.

718

## The Directed Verdict.

The Royal Mortgage &. Finance Company claimed this note was a forgery. See definition section 3720b-23, Ky. Stats. Therefore in order to succeed it had to show this signature was forged, and it did that by the testimony of Hoodenpyl when he was introduced as a witness. The only evidence offered by the Federal Fidelity Company upon this question was to read this note in evidence, and that, so it insists, was some evidence of Hoodenpyl's signature, and that the court erred in directing a verdict for its adversary.

Thus, it is contending by the reading of this note into the evidence it had put into the record at least a scintilla of evidence in its favor when it said, "Here's the note," and had it read into the record. That reminds us of the man, who claiming a dog had bitten him, said: "If you don't believe it, there's the dog." Of course, it is possible that the man could have been bitten by the dog, and it is also possible that this note could have been signed by Hoodenpyl, and if the question had been submitted to the jury some of them might have supposed he signed it, might have guessed he signed it; but such a finding could only have been a supposition, and a supposition has no legitimate support or habitation in judicial administration. See Louisville & N. R. Co. v. Mann's Adm'r, 227 Ky. 399, 13 S. W. (2d) 257.

Before this note could have any proper place in this evidence or any probative effect, its execution by Hoodenpyl would have to be in some way established. See Beeler's Ex'x v. Cumberland Telephone & Telegraph Co., 150 Ky. 257, 150 S. W. 335. Not only was the execution of this paper not established, but the claim that it was ever executed by Hoodenpyl was utterly destroyed by the uncontradicted evidence of Hoodenpyl that he never signed it or authorized any one to sign it for him.

Judgment affirmed.